NOT DESIGNATED FOR PUBLICATION

No. 111,950

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TINA GRANT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; THOMAS BOEDING, judge. Opinion filed February 26, 2016. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Alan T. Fogleman*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J, LEBEN and POWELL, JJ.

*Per Curiam*:  Tina Grant appeals the district court's decision denying her request to pursue an untimely direct appeal after an *Ortiz* hearing. See *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). Because Grant failed to present any evidence to show she would have pursued a timely direct appeal had she been properly informed of her right to appeal, we affirm the decision of the district court.

FACTS

In June 2011, Grant pled no contest to one count of involuntary manslaughter as part of a plea agreement. The district court sentenced Grant to 120 months in prison. After pronouncing Grant's sentence, the district court judge said:

> "Ms. Grant, you do have a right to appeal this sentence; however, because it was a result of a plea, your right in that regard is quite limited. I would also note to you that it does knock off a significant length of time off of the standard sentence in this case as per your agreement entered in the plea, but you do have that right."

On July 22, 2013, Grant filed an untimely notice of appeal. In it, she requested permission to file a direct appeal of her sentence out of time because "she did not understand her appeallate [*sic*] rights and no appointed attorney represented her regarding her appeallate [*sic*] claims." After the appeal was docketed, this court issued an order remanding the case for an evidentiary hearing to determine if any exceptions to the requirement of a timely notice of appeal applied that would allow Grant to pursue a direct appeal.

A hearing was held on December 2, 2014. Prior to calling any witnesses, the State conceded that the district court failed to adequately advise Grant of her appellate rights at her sentencing hearing. After making this concession, Joshua Allen, the attorney who represented Grant at her sentencing hearing, took the stand.

Allen testified that he was appointed to represent Grant after she was charged with second-degree murder. Eventually, he helped Grant negotiate a plea bargain, which permitted her to plead to the lesser offense of involuntary manslaughter. As part of the plea bargain, the parties agreed to recommend the court impose a 120-month prison sentence. If Grant had been convicted of second-degree murder, she would have faced 592 to 653 months in prison. Allen testified that Grant never told him before or after the

2

sentencing hearing that she wanted to appeal her sentence, nor did she contact him about an appeal at any time after she was sentenced. Allen said Grant pled voluntarily and received the sentence she was expecting, which is likely why there was no discussion about an appeal.

Grant also testified at the hearing. Grant said she initially thought the plea deal was only going to result in a 96-month prison sentence. But on the day of the plea hearing, Allen told her that 96 months was not an option due to her criminal history. Grant readily admitted that she accepted her plea bargain based on an understanding that she would serve 120 months in prison.

Grant also testified that she understood her criminal history was A, the highest level. Grant noted, however, that she did not believe a felony from Colorado should have been included in her criminal history. She communicated this belief to Allen, but he did not object to her criminal history at the sentencing hearing. Grant went on to say that Allen never told her she had 14 days from her sentencing date to appeal. Grant said that if she had known about her appellate rights, she would have appealed. When asked why, she responded, "Because I feel like I was railroaded. He never even talked to me about the case or anything."

On cross-examination, Grant admitted she did not tell Allen she wanted to withdraw her plea at any time prior to or during her sentencing hearing. Grant said she sent several letters to Allen after she was sentenced but conceded that none of the letters included a request to withdraw her plea. She did note, however, that she tried to call Allen to talk about withdrawing her plea but was unable to reach him because he did not accept collect calls.

Based on the evidence and testimony presented at the hearing, the district court ultimately found Grant had not been properly advised of her appellate rights. Although

3

the court noted Grant had been informed that she could appeal her sentence and that if she did, an attorney would be appointed for her, the court went on to find that Grant had not been informed that she had to appeal within 14 days. Notwithstanding its finding in this regard, the district court denied Grant's request to file a late direct appeal because Grant failed to show that she would have filed a timely notice of appeal if she had been properly notified.

ANALYSIS

The timely filing of a notice of appeal in a criminal case is generally jurisdictional. *State v. Hall*, 298 Kan. 978, 986, 319 P.3d 506 (2014). In order to appeal directly from a criminal conviction, the defendant must file a notice of appeal within 14 days after sentencing. K.S.A. 2015 Supp. 22-3608(c). Our Supreme Court has recognized exceptions to the general rule that the filing of a timely notice of appeal is a jurisdictional requirement. *Ortiz*, 230 Kan. 733, Syl. ¶ 3. To that end, the Supreme Court has identified "three narrowly defined, truly exceptional circumstances" in which a defendant should be permitted to file a late direct appeal. *State v. Patton*, 287 Kan. 200, 217, 195 P.3d 753 (2008). These narrow exceptions allow a defendant to file a late appeal if the defendant "(1) was not informed of his or her right to appeal, (2) was not furnished an attorney to perfect an appeal, or (3) was furnished an attorney who failed to perfect an appeal." 287 Kan. 200, Syl. ¶ 3. These exceptions commonly are referred to as the *Ortiz* exceptions. 287 Kan. at 218.

This court reviews a district court's decision following an *Ortiz* hearing under a bifurcated standard. It reviews the district court's factual findings to determine if they are supported by substantial competent evidence and it reviews the district court's ultimate legal conclusions de novo. *State v. Gill*, 287 Kan. 289, 293, 196 P.3d 369 (2008). An appellate court does not reweigh evidence, resolve conflicts in the evidence, or pass on the credibility of witnesses. *State v. Lewis*, 301 Kan. 349, 371, 344 P.3d 928 (2015).

4

Grant argues on appeal that the first *Ortiz* exception applies in this case: that she was not adequately informed of her right to appeal. Our Supreme Court has ruled that

> "a district judge must inform a criminal defendant at sentencing, regardless of whether the defendant has entered a plea or gone to trial, that: (1) a right to appeal the severity level of the sentence exists; (2) any such appeal must be taken within [14] days [citations omitted]; and (3) if the defendant is indigent, an attorney will be appointed for the purpose of taking any desired appeal. [Citation omitted.]" *Patton*, 287 Kan. at 220.

The defendant bears the burden of showing that the transcript of his or her sentencing hearing demonstrates that the district court judge did not adequately convey these details to him or her. 287 Kan. at 220. If the defendant is able to show the judge failed to convey some or all of the required information at sentencing, the State may challenge the propriety of the late appeal by showing the defendant had actual knowledge of the information from some other source. If the State cannot do so, then the defendant must establish that he or she would have sought a timely appeal if he or she had been properly informed. Only if the defendant can meet this burden is he or she entitled to pursue a late appeal under *Ortiz*. *Patton*, 287 Kan. at 221-22.

The State concedes Grant was not told at the sentencing hearing that she had 14 days to appeal her sentence or that an attorney would be appointed to her if she was indigent. The State also concedes there is no evidence to establish that Grant had actual knowledge of these details. Notably, the State's second concession directly contradicts the district court's finding that Grant's written petition to enter a no contest plea reflects she had actual knowledge that an attorney would be appointed to her if she was indigent. The petition did contain a provision notifying Grant that she was entitled to an appointed attorney. It stated:

> "7.  I know that I have the right to plead 'Not Guilty' to any offense charged against me. If I plead 'Not Guilty', I know the Constitution guarantees me:

. . . .

> F.    If I am convicted, I have the right to appeal to the Supreme Court of Kansas and that, if I do not have the funds, the court will appoint an attorney for me and pay the costs of such appeal.

"8.   I know that if I plead 'No Contest', I am thereby waiving all of the above rights and that there will be no further trial of any kind, either before a court or jury; and further, I realize the court may impose the same punishment as if I have pleaded 'Not Guilty', and stood trial, and been convicted by a jury."

As the State appears to concede, however, this portion of the petition only informed Grant that she had the right to appeal and to an appointed attorney *if she pled not guilty and was convicted*. Paragraph 8 bolsters this interpretation by informing Grant that, by pleading no contest, she was waiving all of the above rights. For this reason, we agree with the State that Grant was not properly informed of her right to an attorney.

Citing to the same section of the plea petition quoted above, Grant argues that the district court also erred in finding that Grant was informed of her right to appeal her sentence. Again, the plea petition only informed Grant of rights she would have if she pled not guilty and went to trial. But the transcript of her sentencing hearing directly contradicts her argument in this regard. At the plea hearing, the judge told Grant, "Ms. Grant, you do have a right to appeal this sentence."

Having determined that Grant was not properly informed and had no actual knowledge of the deadline to appeal or of her right to appointed counsel, the question presented for determination here is whether there is substantial competent evidence to support the district court's finding that Grant failed to establish she would have pursued a timely appeal had she been properly informed of her right to appeal. We conclude there is.

First, both Grant and the State reference Grant's K.S.A. 60-1507 motion in their briefs and the district court specifically noted that it had reviewed Grant's K.S.A. 60-1507 motion in making its ruling. The State argues that Grant filed the motion 10 months after she was sentenced and raised challenges to her *conviction* rather than her *sentence*. Grant argues, on the other hand, that her desire to challenge her conviction under K.S.A. 60-1507 has no bearing on whether she desired to challenge her sentence on direct appeal. But the arguments presented by the parties relating to the effect of Grant's K.S.A. 60-1507 motion are irrelevant here because neither of the parties included the motion in the record on appeal.

Next, Grant argues the testimony she presented at the *Ortiz* hearing established she would have timely appealed her sentence had she been properly informed of her appellate rights. Specifically, she cites to testimony stating she believed that one of her felony convictions from Colorado should not have been included in her criminal history score. But at sentencing, Grant did not object to anything in her presentence investigation report. In fact, Grant's attorney stated: "I've reviewed the [presentence investigation report] with my client. We have no additions or corrections at this time." These facts undercut Grant's argument that she wanted to challenge a prior conviction used to calculate her criminal history score.

Further, Grant's sentence was the result of a plea bargain that she accepted after she was informed of her criminal history. She received precisely the sentence the parties agreed to recommend to the district court. According to Allen, Grant did not tell him at the sentencing hearing that she believed there was an error in her sentence or that she wanted to appeal. Allen also said he would have been happy to file an appeal had Grant suggested that he do so.

Taken together, these facts constitute substantial competent evidence supporting the district court's finding that Grant failed to establish that she would have filed a timely appeal had she been properly apprised of her appellate rights.

Affirmed.